### IN THE UNITED STATES DISTRICT COURT
### FOR THE  NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| G.M. SIGN, INC., | ) | FILED: AUGUST 11, 2008 |
| | ) | 08CV4521 |
| **Plaintiff,** | ) | **CASE NO.:** JUDGE DARRAH |
| | ) | MAGISTRATE JUDGE COX |
| **vs.** | ) | **JUDGE:** |
| | ) | JFB |
| GROUP C COMMUNICATIONS, INC., | ) | |
| | ) | |
| **Defendant.** | ) | |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Group C Communications, Inc. (hereinafter, "Group C"), through its undersigned counsel, hereby respectfully files and serves this Notice of Removal to remove this action from the Circuit Court of the 19th Judicial Circuit, Lake County, Illinois, based upon the following:

1.      On or about July 11, 2008, Plaintiff G.M. Sign, Inc. ("Plaintiff") filed a Complaint, on behalf of itself and as a purported representative of a class of similarly-situation persons, in the Circuit Court of the 19th Judicial District, Lake County, Illinois, which was styled *G.M. Sign, Inc. v. Group C Communications, Inc.,* Case No. 08-CH-2626 (hereinafter the "State Court Action").

2.      The only process, pleadings, and orders filed or issued in the State Court Action are (i) Plaintiff's Complaint (**EXHIBIT A**) and (ii) Plaintiff's Motion for Class Certification (**EXHIBIT B**).

3.      Removal of the State Court Action is proper under 28 U.S.C. § 1441 because this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) in that the State Court Action constitutes a civil action brought under 47 U.S.C. §

227 (the Federal Telephone Consumer Protection Act, or "TCPA") inasmuch as Plaintiff's

Complaint unequivocally alleges that:

      **a.**      Group C faxed an advertisement to Plaintiff on or about April 14, 2005,

without invitation or permission from Plaintiff.  *See,* Complaint at ¶¶11-12;

      **b.**      Group C may have faxed the same and similar advertisements to more

than thirty-nine (39) other recipients without first receiving their express permission or

invitation.  *See*, Complaint at ¶13;

      **c.**      Group C's sending of advertising faxes to Plaintiff and other members of

the purported class without first obtaining prior invitation or permission violates 47 U.S.C. §

227, *et seq.  See,* Complaint at ¶24.

      **d.**      Because Plaintiff's claim arises under the Constitution, laws, or treaties of

the United States, this Court has original jurisdiction over such claims alleged against Group C

pursuant to 28 U.S.C. §1331.

      **4.**      This Court also has supplemental jurisdiction, pursuant to 28 U.S.C. §1367, as to

any and all state law claims as they are so related to claims within the Court's original

jurisdiction that they form part of the same case or controversy under Article III of the United

States Constitution.

      **5.**      Plaintiff's Complaint was served upon Group C on Sunday, July 13, 2008.

Therefore, this Notice of Removal is timely filed with the Court pursuant to 28 U.S.C. § 1446(b),

as it is within thirty (30) days after receipt by Group C of the initial pleading from which it was

first ascertained that the case is one which is or has become removable.  Furthermore, the State

Court Action was commenced less than one (1) year prior to this filing for removal.

6.     Group C has provided written notice to Plaintiff of this removal and will promptly

file a copy of this Notice with the Circuit Court of the 19th Judicial Circuit, Lake County,

Illinois, as required by 28 U.S.C. §1446(d).  A copy of the Notice to be filed with the Circuit

Court is attached hereto as **EXHIBIT C**.

**WHEREFORE**, Group C respectfully requests that the State Court Action be removed

from the Circuit Court of the 19th Judicial Circuit, Lake County, Illinois, to this Court.

Respectfully submitted,

**OF COUNSEL:**

   /s/Stephanie Espinoza_____

**BENESCH FRIEDLANDER COPLAN**  DENNIS MINICHELLO [ARDC #03122059]
  **& ARONOFF LLP**  STEPHANIE ESPINOZA [ARDC #06278778]
                                     Marwedel, Minichello & Reeb, P.C.

ERIC LARSON ZALUD  10 South Riverside Plaza, Suite 720
(Ohio Bar #0038959)  Chicago, Illinois  60606
WILLIAM I. KOHN  Telephone:  (312) 902-1600
(Illinois Bar # 6224094)  Fascimile:   (312) 902-9900
2300 BP Tower
200 Public Square  *Attorneys for Defendant Group C*
Cleveland, OH 44114  *Communications, Inc.*
Telephone:  (216) 363-4178
Fascimile:  (216) 363-4588
ezalud@bfca.com

RYAN P. HATCH
(Ohio Bar #0080910)
41 South High Street, 26th Floor
Columbus, OH 43215
Telephone:  (614) 223-9300
Fascimile:  (614) 223-9330
rhatch@bfca.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing NOTICE OF REMOVAL was served upon the following by regular U.S. mail, postage prepaid, this 11th day of August, 2008:

> Mr. Brian J. Wanca
> Anderson + Wanca
> 3701 Algonquin Road, Suite 760
> Rolling Meadows, IL 60008
>
> Phillip A. Bock
> Bock & Hatch, LLC
> 134 N. La Salle St., Suite 1000
> Chicago, IL  60602
> *Attorneys for Plaintiff G.M. Sign, Inc.*

/s/ Stephanie Espinoza

MAGISTRATE JUDGE COX
JFB

## SUMMONS

---

IN THE NAME OF THE PEOPLE IN THE STATE OF ILLINOIS, IN THE CIRCUIT COURT
OF THE NINETEENTH JUDICIAL CIRCUIT,
LAKE COUNTY, ILLINOIS

G.M. SIGN, INC., an Illinois corporation,           )
individually, and as the representative of a        )
class of similarly-situated persons,                )        08 CH 2626
                                                    )
_____                        )
_____                        )   No._____
                                        Plaintiff)  )
                                                    )
            vs.                                     )
                                                    )
GROUP C COMMUNICATIONS, INC.                        )
_____                        )   SERVE:   Edgar T. Coene, Reg. Agent
_____                        )            18 Adams Way
_____                        )            Shrewsbury, NJ   07702
_____                        )
_____                        )
                                        Defendants) )

To each of the above-named defendants:

   You are hereby summoned and required to file an answer in this case, or otherwise file your appearance, in the office of the Clerk of this Court, within 30 days after service of this summons, exclusive of the day of service.  If you fail to do so, a judgment or decree by default may be taken against you for the relief prayed in this complaint.

   This summons must be returned by the officer or other person to whom it was given for service, with endorsement thereof of service and fees, if any, immediately after service.  If service cannot be made, this summons shall be returned so endorsed.

   This summons may not be served later than 30 days after its date.

WITNESS SALLY D. COFFELT, Clerk of
said Circuit Court, and the seal thereof at
Waukegan, Illinois _____ day of
JUN 1 1 2008 _____ A.D., 20___

_Sally D Coffelt_
          SALLY D. COFFELT, Clerk

Plaintiff's Attorney:
(or plaintiff, if he be not represented by
attorney) Anderson+Wanca
3701 Algonquin Ave. Suite 760
Date of Service: _____, 20 _____   Address Rolling Meadows, IL 60008
(To be inserted by officer on copy left with defendant or   Telephone 847/368-1500
other person.)

---

                                                   171-138  Rev 8/00

EXHIBIT
A



IN THE CIRCUIT COURT OF THE 19TH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

G. M. SIGN, INC., an Illinois corporation,
individually and as the representative of a class of
similarly-situated persons,

                             Plaintiff,

          v.

GROUP C COMMUNICATIONS, INC.,

                         Defendant.

JUL 1 1 2008

CIRCUIT CLERK

08 CH 2626

## CLASS ACTION COMPLAINT

Plaintiff, G. M. SIGN, INC. ("Plaintiff"), brings this action on behalf of itself and all

other persons similarly situated, through its attorneys, and except as to those allegations

pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge,

alleges the following upon information and belief against Defendant, GROUP C

COMMUNICATIONS, INC. ("Defendant");

## PRELIMINARY STATEMENT

1.      This case challenges Defendant's practice of faxing unsolicited advertisements.

2.      The federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a

person or entity from faxing or having an agent fax advertisements without the recipient's prior

express invitation or permission ("junk faxes" or "unsolicited faxes"). The TCPA provides a

private right of action and provides statutory damages of $500 per violation.

3.      Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its

fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that

would have been spent on something else. A junk fax interrupts the recipient's privacy.

Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for

authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4.   On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the TCPA, the common law of conversion, and the consumer protection statutes forbidding and compensating unfair business practices.

5.   Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## JURISDICTION AND VENUE

6.   Jurisdiction is conferred by 735 ILCS 5/2-209 in that Defendant has transacted business and committed tortious acts related to the matters complained of herein.

7.   Venue is proper in Lake County pursuant to 735 ILCS 5/2-101, et seq. because some of the tortious acts complained of occurred in Lake County, Illinois.

8.   Federal jurisdiction does not exist because no federal question or claim is asserted and Plaintiffs' individual claims are worth less than $75,000.00, inclusive of all forms of damages and fees.  Plaintiff expressly disclaims any individual recovery in excess of $75,000.00, inclusive of all forms of damages and fees.

## PARTIES

9.   Plaintiff is an Illinois corporation with its principal place of business in Round Lake, Lake County, Illinois.

10.   On information and belief, Defendant, GROUP C COMMUNICATIONS, INC. is a New Jersey corporation with its principal place of business in Shrewsburg, New Jersey.

## FACTS

11.   On or about April 14, 2005 Defendant faxed an advertisement to Plaintiff.  A copy of the facsimile is attached hereto as Exhibit A.

2

12.    Plaintiff had not invited or given permission to Defendant to send fax advertisements.

13.    On information and belief, Defendant faxed the same and similar advertisements to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation.

14.    There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

15.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

16.    In accordance with 735 ILCS 5/2-801, Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, and (3) with respect to whom Defendant cannot provide evidence of prior express permission or invitation for the sending of such faxes.

17.    A class action is warranted because:

(a)    On information and belief, the class includes forty or more persons and is so numerous that joinder of all members is impracticable.

(b)    There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

(i)    Whether Defendant sent unsolicited fax advertisements;

3

(ii)    Whether Defendant's facsimiles advertised the commercial availability of property, goods, or services;

(iii)   The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(iv)    Whether Defendant faxed advertisements without first obtaining the recipients' express permission or invitation;

(v)     Whether Defendant violated the provisions of 47 USC § 227;

(vi)    Whether Plaintiff and the other class members are entitled to statutory damages;

(vii)   Whether Defendant should be enjoined from faxing advertisements in the future; and

(viii)  Whether the Court should award trebled damages.

18.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

19.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

20.    The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine...." 47 U.S.C. § 227(b)(1).

4

21.   The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

22.   The TCPA provides:

    3.   <u>Private right of action</u>.  A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

        (A)   An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

        (B)   An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

        (C)   Both such actions.

23.   The Court, in its discretion, can treble the statutory damages if the violation was knowing.  47 U.S.C. § 227.

24.   Defendant violated the 47 U.S.C. § 227 et seq. by sending advertising faxes (such as Exhibit A) to Plaintiff and the other members of the class without first obtaining their prior express invitation or permission.

25.   The TCPA is a strict liability statute and Defendant is liable to Plaintiff and the other class members even if its actions were only negligent.

26.   Defendant knew or should have known that Plaintiff and the other class members had not given express invitation or permission for Defendant or anybody else to fax advertisements about Defendant's goods or services and that Plaintiff and the other class members did not have an established business relationship with Defendant.

5

27.     Defendant's actions caused damages to Plaintiff and the other class members.
Receiving Defendant's junk faxes caused the recipients to lose paper and toner consumed in the
printing of Defendant's faxes.  Moreover, Defendant's faxes used Plaintiff's fax machine.
Defendant's faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving,
reviewing and routing Defendant's illegal faxes.  That time otherwise would have been spent on
Plaintiff's business activities.  Finally, Defendant's faxes unlawfully interrupted Plaintiff's and
the other class members' privacy interests in being left alone.

28.     Even if Defendant did not intend to cause damage to Plaintiff and the other class
members, did not intend to violate their privacy, and did not intend to waste the recipients'
valuable time with Defendant's advertisements, those facts are irrelevant because the TCPA is a
strict liability statute.

WHEREFORE, Plaintiff, G. M. SIGN, INC., individually and on behalf of all others
similarly situated, demands judgment in its favor and against Defendant, GROUP C
COMMUNICATIONS, INC., as follows:

A.     That the Court adjudge and decree that the present case may be properly
maintained as a class action, appoint Plaintiff as the representative of the class, and appoint
Plaintiff's counsel as counsel for the class;

B.     That the Court award $500.00 in damages for each violation of the TCPA;

C.     That the Court enter an injunction prohibiting Defendant from engaging in the
statutory violations at issue in this action; and

D.     That the Court award costs and such further relief as the Court may deem just and
proper, but in any event, not more than $75,000.00 per individual, inclusive of all damages and
fees.

6

### COUNT II
### CONVERSION

29.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

30.    In accordance with 735 ILCS 5/2-801, Plaintiff brings Count II for conversion under the common law for the following class of persons:

> All persons (1) who on or after a date five years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods or services by or on behalf of Defendant, and (3) with respect to whom Defendant cannot provide evidence of prior express permission or invitation for the sending of such faxes.

31.    A class action is proper in that:

(a)    On information and belief the class consists of forty or more persons and is so numerous that joinder of all members is impracticable.

(b)    There are questions of fact or law common to the class predominating over all questions affecting only individual class members, including:

(i)    Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

(ii)    The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements; and

(iii)    Whether Defendant committed the tort of conversion.

32.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who is experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

7

33.     A class action is an appropriate method for adjudicating this controversy fairly and efficiently.  The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

34.     By sending Plaintiff and the other class members unsolicited faxes, Defendant improperly and unlawfully converted their fax machines, toner and paper to its own use. Defendant also converted Plaintiff's employees' time to Defendant's own use.

35.     Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

36.     By sending the unsolicited faxes, Defendant permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendant's own use.  Such misappropriation was wrongful and without authorization.

37.     Defendant knew or should have known that its misappropriation of paper, toner, and employee time was wrongful and without authorization.

38.     Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of their receipt of unsolicited fax advertisements from Defendant.

39.     Each of Defendant's unsolicited fax advertisements effectively stole Plaintiff's employees' time because multiple persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendant's illegal faxes.  Defendant knew or should have known employees' time is valuable to Plaintiff.

8

40.     Defendant's actions caused damages to Plaintiff and the other members of the class because their receipt of Defendant's unsolicited fax advertisements caused them to lose paper and toner as a result.  Defendant's actions prevented Plaintiff's fax machines from being used for Plaintiff's business purposes during the time Defendant was using Plaintiff's fax machines for Defendant's illegal purpose.  Defendant's actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendant's illegal faxes, and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, G. M. SIGN, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, GROUP C COMMUNICATIONS, INC., as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff' counsel as counsel for the class;

B.     That the Court award appropriate damages;

C.     That the Court award costs of suit; and

D.     Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual class member.

### COUNT III
### ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
### 815 ILCS 505/2

41.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

42.     In accordance with 735 ILCS 5/2-801, Plaintiff, on behalf of the following class of persons, bring Count III for Defendant's unfair practice of sending unsolicited and unlawful fax advertisements:

9

All persons in Illinois who (1) on or after a date three years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, and (3) with respect to whom Defendant cannot provide evidence of prior express permission or invitation for the sending of such faxes.

43.     A class action is proper in that:

(a)     On information and belief the class consists of thousands of persons in Illinois and throughout the United States and is so numerous that joinder of all members is impracticable.

(b)     There are questions of fact or law common to the class predominating over all questions affecting only individual class members including:

(i)     Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

(ii)     The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(iii)     Whether Defendant's practice of sending unsolicited faxed advertisements violates Illinois public policy;

(iv)     Whether Defendant's practice of sending unsolicited faxes is an unfair practice under the Consumer Fraud Act; and

(v)     Whether Defendant should be enjoined from sending unsolicited fax advertising in the future.

44.     Plaintiff will fairly and adequately protect the interests of the other class members.  Plaintiff has retained counsel who are experienced in handling class actions and

10

WHEREFORE, Plaintiff, G. M. SIGN, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, GROUP C COMMUNICATIONS, INC., as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class;

B.     That the Court award damages to Plaintiff and the other class members;

C.     That the Court award attorney fees and costs;

D.     That the Court enter an injunction prohibiting Defendant from sending unsolicited faxed advertisements to Illinois consumers; and

E.     Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual member.

Respectfully submitted,

G. M. SIGN, INC., individually and as the representative of a class of similarly-situated persons

By:     _____
        One of Plaintiff's Attorneys

Brian J. Wanca                          Phillip A. Bock
ANDERSON + WANCA                        BOCK & HATCH, LLC
3701 Algonquin Road, Suite 760          134 N. La Salle St., Suite 1000
Rolling Meadows, IL  60008              Chicago, IL  60602
Telephone:  847/368-1500                Telephone:  312/658-5500
#3126474

12

# EXHIBIT A

JUL-14-2008  12:20                 04-14-05 3:38 PM                    P.16/26
                                                                      Page 1/1

Please Deliver To: GEORGE MATIASEK JR
                   G M SIGN INC
                   18475460447

# A Few Booths Still Available!

## Reserve Your Place Before It's Too Late



**THE TOTAL FACILITY MANAGEMENT SHOW**
April 20-22, 2005
McCormick Place · Chicago, Illinois

Due to overwhelming response from our exhibitors, The TFM Show® 2005 exhibit hall has filled up extremely quickly. If you're serious about selling to facility professionals, The TFM Show® is where you need to be!

### TFM ATTENDEES MEAN BUSINESS
In the next 24 months, facility executives will spend a total of $654 billion on new construction and modernization projects.* These facility executives come to the TFM Show® looking for information on your products and services. Don't disappoint them!

### DECISION-MAKERS FROM EVERY SECTOR
The 2005 TFM Show® will draw thousands of facility executives from the Government, Education, Healthcare, Hospitality, Corporate, Retail, and industrial sectors. Plus, over 95% of those attendees are involved in specifying, planning, and making final purchasing decisions.**

 **"ASK THE EXPERTS" – EXHIBIT HALL EDUCATION**
Our new "Ask The Experts" question and answer sessions on the exhibit floor will bring scores of attendees to the exhibit hall and into your booth. Become an exhibitor and see how you can become one of our experts!

For more information, contact

**Ira Raff**, iraff@groupc.com, 800-524-0337, ext. 249
OR
**Dan Burke**, burkemediagroup@msn.com, 732-229-2771

# www.TFMShow.com

*2004 Modernization and New Construction Survey, The Weyman Group, Inc.
**2004 TFM Show Attendee Survey, PractizBiz.com

### Signed exhibitors include:
Osram Sylvania
GE Infrastructure Water + Process Technologies
Leaf Carpets
Grainger Industrial Supply
Honeywell
Antron
Allsteel
The Home Depot Supply
Carrier Corporation
U.S. General Services Administration
Hirsch Electronics
TruGreen LandCare
Davies Office Refurbishing
Ace Security Laminates, Inc.
Avery Dennison
APCO Sign Systems
Falcon Waterfree Technologies
BASF Corporation - Spray Polyurethanes
DOW Bioproducts
...And Many More!

TO UNSUBSCRIBE FROM OUR DATABASE PLEASE SEND AN E-MAIL WITH YOUR FAX NUMBER & COMPANY NAME TO UNSUBSCRIBE@GROUPC.COM

JUL-14-2008  12:21                                                                                    P.17/26

IN THE CIRCUIT COURT OF THE 19TH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

G. M. SIGN, INC., an Illinois corporation,                    )
individually and as the representative of a class of          )
similarly-situated persons,                                   )

                    Plaintiff,          )

      v.                                                       )

GROUP C COMMUNICATIONS, INC.,                                 )

                    Defendant.          )

JUL 11 2008

*Sally D. Coffelt*

CIRCUIT CLERK

08 CH 2626

FILED: AUGUST 11, 2008
08CV4521
JUDGE DARRAH
MAGISTRATE JUDGE COX
JFB

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff, G. M. SIGN, INC., by its attorneys, Anderson + Wanca and Bock & Hatch,

LLC, respectfully moves this court, pursuant to 735 ILCS 5/2-801 et seq., to certify for class

action treatment the following classes, as described in Plaintiff's Class Action Complaint:

> All persons who (1) on or after four years prior to the filing of this
> action, (2) were sent telephone facsimile messages of material
> advertising the commercial availability of any property, goods, or
> services by or on behalf of Defendant, and (3) with respect to
> whom Defendant cannot provide evidence of prior express
> permission or invitation for the sending of such faxes.

> All persons who (1) on or after five years prior to the filing of this
> action, (2) were sent telephone facsimile messages of material
> advertising the commercial availability of any property, goods, or
> services by or on behalf of Defendant, and (3) with respect to
> whom Defendant cannot provide evidence of prior express
> permission or invitation for the sending of such faxes.

> All persons who (1) on or after three years prior to the filing of this
> action, (2) were sent telephone facsimile messages of material
> advertising the commercial availability of any property, goods, or
> services by or on behalf of Defendant, and (3) with respect to
> whom Defendant cannot provide evidence of prior express
> permission or invitation for the sending of such faxes.

Plaintiff will file a supporting Memorandum of Law in due course.

EXHIBIT
B

WHEREFORE, Plaintiff, G. M. SIGN, INC., prays that this court enter an order pursuant to 735 ILCS 5/2-801 certifying for class treatment the classes set forth herein.

Respectfully submitted,

G. M. SIGN, INC., individually, and as the representative for a class of similarly-situated persons

By: _____

One of the Attorneys for Plaintiff

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500
Fax: 847/368-1501
#3126474

Phillip A. Bock
BOCK & HATCH, LLC
134 N. LaSalle St., #1000
Chicago, IL 60602
Telephone: 312/658-5500

2

IN THE CIRCUIT COURT OF THE 19TH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

G.M. SIGN, INC.,                    )
                                    )
        Plaintiff,                  )        CASE NO. 08-CH-2626
                                    )        FILED: AUGUST 11, 2008
vs.                                 )        08CV4521
                                    )        JUDGE DARRAH
GROUP C COMMUNICATIONS, INC.,       )        MAGISTRATE JUDGE COX
                                    )
        Defendant.                  )
                                             JFB

### DEFENDANT GROUP C COMMUNICATION, INC.'S NOTICE OF FILING OF REMOVAL

Please take notice that a Notice of Removal of the above-captioned action was filed in the

United States District Court for the Northern District of Illinois, Eastern Division, on August 11,

2008. A copy of said Notice of Removal is attached to this notice as **Exhibit 1** and is served and

filed herewith.

**OF COUNSEL:**

**BENESCH FRIEDLANDER COPLAN
  & ARONOFF LLP**

ERIC LARSON ZALUD (Ohio Bar #0038959)
WILLIAM I. KOHN (Illinois Bar #6224094)
2300 BP Tower
200 Public Square
Cleveland, OH 44114
Telephone:  (216) 363-4178
Facsimile:  (216) 363-4588
ezalud@bfca.com

RYAN P. HATCH
(Ohio Bar #0080910)
41 South High Street, 26th Floor
Columbus, OH 43215
Telephone:  (614) 223-9300
Facsimile:  (614) 223-9330
rhatch@bfca.com

Respectfully submitted,

DENNIS MINICHELLO[ARDC #03122059]
STEPHANIE ESPINOZA[ARDC #06278778]
Marwedel, Minichello & Reeb, P.C.
10 South Riverside Plaza, Suite 720
Chicago, Illinois 60606
Telephone:  (312) 902-1600
Fascimile:  (312) 902-9900

*Attorneys for Defendant Group C
Communications, Inc.*



**EXHIBIT
C**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing NOTICE OF FILING OF REMOVAL was served upon the following by regular U.S. mail, postage prepaid, this 11th day of August, 2008:

> Mr. Brian J. Wanca
> Anderson + Wanca
> 3701 Algonquin Road, Suite 760
> Rolling Meadows, IL 60008
>
> Phillip A. Bock
> Bock & Hatch, LLC
> 134 N. La Salle St., Suite 1000
> Chicago, IL 60602
> *Attorneys for Plaintiff G.M. Sign, Inc.*

/s/