**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **G.M. SIGN, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CASE NO. 08-CV-4521** |
| | ) | |
| **vs.** | ) | **JUDGE DARRAH** |
| | ) | |
| **GROUP C COMMUNICATIONS, INC.,** | ) | **MAGISTRATE JUDGE COX** |
| | ) | |
| **Defendant.** | ) | (**JURY DEMAND ENDORSED HEREON**) |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT GROUP C
COMMUNICATION, INC. TO PLAINTIFF G.M. SIGN, INC.'S COMPLAINT**

Defendant Group C Communication, Inc. ("Group C"), by and through its attorneys,

Dennis Minichello and Stephanie Espinoza of Marwedel, Minichello & Reeb, P.C., and for its

Answer and Affirmative Defenses to Plaintiff G.M. Sign, Inc.'s ("Plaintiff") Complaint, hereby

answers as follows:

**PRELIMINARY STATEMENT**

1.      This case challenges Defendant's practice of faxing unsolicited advertisements.

**ANSWER:**     Paragraph 1 of the Complaint contains an averment to which no response

is required.  To the extent that paragraph 1 contains factual allegations to which a response is

required, Group C denies that it has a practice of faxing unsolicited advertisements.

2.      The federal Telephone Consumer Protection Act, 47 USC §227, prohibits a
person or entity from faxing or having an agent fax advertisements without the recipient's prior
express invitation or permission ("junk faxes" or "unsolicited faxes").  The TCPA provides a
private right of action and provides statutory damages of $500 per violation.

**ANSWER:**     Paragraph 2 of the Complaint contains an averment stating a legal

conclusion to which no response is required.  To the extent paragraph 2 contains factual

1

allegations to which a response is required, Group C states that 47 U.S.C. § 227 speaks for itself.

Group C denies that it violated 47 U.S.C. § 227.

3.      Unsolicited faxes damage their recipients.  A junk fax recipient's valuable time that would have been spent on something else.  A junk fax interrupts the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

**ANSWER:**     Group C is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in paragraph 3 of the Complaint and, therefore, denies

those allegations.

4.      On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the TCPA, the common law of conversion, and the consumer protection statutes forbidding and compensating unfair business practices.

**ANSWER:**     Paragraph 4 of the Complaint contains an averment with descriptive

material to which no response is required.  To the extent paragraph 4 contains factual allegations

to which a response is required, Group C denies allegations contained therein.

5.      Plaintiff seeks an award of statutory damages for each violation of the TCPA.

**ANSWER:**     Paragraph 5 of the Complaint contains an averment to which no response

is required.  To the extent that paragraph 5 contains factual allegations to which a response is

required, Group C denies that Plaintiff is entitled to an award of statutory damages.

## JURISDICTION AND VENUE

6.      Jurisdiction in conferred by 735 ICLS 5/2-209 in that Defendant has transacted business and committed tortuous acts related to the matters complained of herein.

**ANSWER:**     In response to the allegations contained in paragraph 6 of the Complaint,

Group C denies that it has committed any tortious acts.  With respect to the remaining allegations

contained in paragraph 6 of the Complaint, Group C is without knowledge or information

sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies those allegations.

7.     Venue is proper in Lake County pursuant to 735 ICLS 5/2-101, et seq. because some of the tortuous acts complained of occurred in Lake County, Illinois.

**ANSWER:**     In response to the allegations contained in paragraph 7 of the Complaint, Group C denies that it has committed any tortious acts in Lake County, Illinois.  With respect to the remaining allegations contained in paragraph 7 of the Complaint, Group C is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies those allegations.

8.     Federal jurisdiction does not exist because no federal question or claim is asserted and Plaintiffs' individual claims are worth less than $75,000.00, inclusive of all forms of damages and fees.  Plaintiff expressly disclaims any individual recovery in excess of $75,000.00, inclusive of all forms of damages and fees.

**ANSWER:**     In response to the allegations contained in paragraph 8 of the Complaint, Group C states that federal jurisdiction does exist on the basis of federal questions jurisdiction. With respect to the remaining allegations contained in paragraph 8 of the Complaint, Group C is without knowledge or information to form a belief as to the truth of the allegations contained therein and, therefore, denies those allegations.

## PARTIES

9.     Plaintiff is an Illinois corporation with its principal place of business in Round Lake, Lake County, Illinois.

**ANSWER:**     Group C is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and, therefore, denies those allegations.

10.     On information and belief, Defendant, GROUP C COMMUNICATIONS, INC. is a New Jersey corporation with its principal place of business in Shrewsburg, New Jersey.

**ANSWER:**    In response to the allegations contained in paragraph 10 of the Complaint, Group C admits that it is a New Jersey Corporation.  Group C denies the remaining allegations contained in paragraph 10 of the Complaint.

## FACTS

11.    On or about April 14, 2005 Defendant faxed an advertisement to Plaintiff.  A copy of the facsimile is attached hereto as Exhibit A.

**ANSWER:**    Group C denies the allegations contained in paragraph 11 of the Complaint.

12.    Plaintiff had not invited or given permission to Defendant to send fax advertisements.

**ANSWER:**    Group C is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and, therefore, denies those allegations.

13.    On information and belief, Defendant faxed the same and similar advertisements to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation.

**ANSWER:**    In response to the allegations contained in paragraph 13 of the Complaint, Group C denies that it faxed advertisements to Plaintiff and more than 39 other recipients.  With respect to the remaining allegations contained in paragraph 13 of the Complaint, Group C is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies those allegations.

14.    There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes.  Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

**ANSWER:**    Group C is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and, therefore, denies those allegations.

4

**COUNT I**
**TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227**

15.     Plaintiff incorporates the proceeding paragraphs as though fully set forth herein.

**ANSWER:**     Group C incorporates by reference its responses to the prior paragraphs of

this Answer as if fully rewritten herein.

16.     In accordance with 735 ICLS 5/2-801, Plaintiff brings Count I pursuant to the
Telephone Consumer Protection Act, 74 U.S.C. § 227, on behalf of the following class of
persons:

> All persons who (1) on or after four years prior to the filing of this
> action, (2) were sent telephone facsimile messages of material
> advertising the commercial availability of any property, goods, or
> services by or on behalf of Defendant, and (3) with respect to
> whom Defendant cannot provide evidence of prior express
> permission or invitation for the sending of such faxes.

**ANSWER:**     Paragraph 16 of the Complaint contains an averment with descriptive

material to which no response is required.  To the extent paragraph 4 contains factual allegations

to which a response is required, Group C denies that 735 ILCS 5/2-801 has any application to

this federal civil action or that this matter can be maintained as a class action.

17.     A class action is warranted because:

(a)     On information and belief, the class includes forty or more persons and is
so numerous that joinder of all members is impracticable.

(b)     There are questions of fact or law common to the class predominating over
questions affecting only individual class members, including without limitation:

(i)     Whether Defendant sent unsolicited fax advertisements;

(ii)     Whether Defendant's facsimiles advertised the commercial
availability of property, goods or services;

(iii)     The manner and method Defendant used to compile or obtain the
list of fax numbers to which it sent Exhibit A and other unsolicited faxed
advertisements;

(iv)     Whether Defendant faxed advertisements without firs obtaining the
recipients' express permission or invitation;

5

(v)      Whether Defendant violated the provisions of 74 U.S.C. § 227;

(vi)      Whether Defendant should be enjoined from faxing advertisements in the future; and

(viii)      Whether the Court should award trebled damages.

**ANSWER:**      Paragraph 17, and all subparts thereto, of the Complaint contains unsupported legal conclusions to which no response is required.  To the extent that paragraph 17 contains factual allegations, Group C denies each and every allegation contained therein.  Group C specifically denies that this matter can be maintained as a class action.

18.      Plaintiff will fairly and adequately protect the interests of the other class members.  Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes.  Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

**ANSWER:**      Paragraph 18 of the Complaint contains unsupported legal conclusions to which no response is required.  To the extent that paragraph 18 contains factual allegations, Group C denies each and every allegation therein.  Group C specifically denies that this matter can be maintained as a class action.

19.      A class action is an appropriate method for adjudicating this controversy fairly and efficiently.  The interest of each individual class member is controlling the prosecution of separate claims is small and individual actions re not economically feasible.

**ANSWER:**      Paragraph 19 of the Complaint contains unsupported legal conclusions to which no response is required.  To the extent that paragraph 19 contains factual allegations, Group C denies each and every allegation therein.  Group C specifically denies that this matter can be maintained as a class action.

20.      The TCPA prohibits the "use of any telephone facsimiles machine, computer or other devise to send an unsolicited advertisement to a telephone facsimile machine…." 47 U.S.C. § 227(b)(1).

**ANSWER:**     Paragraph 20 of the Complaint contains legal conclusions to which no response is required.  To the extent paragraph 20 contains factual allegations to which a response is required, Group C states that 47 U.S.C. § 227 speaks for itself.  Group C denies that it violated 47 U.S.C. § 227.

21.     The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission."  47 U.S.C. § 227(a)(4).

**ANSWER:**     Paragraph 21 of the Complaint contains legal conclusions to which no response is required.  To the extent paragraph 21 contains factual allegations to which a response is required, Group C states that 47 U.S.C. § 227 speaks for itself.  Group C denies that it violated 47 U.S.C. § 227.

22.     The TCPA provides:

3.     <u>Private right of action</u>.  A person, may if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

(A)     An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B)     An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each violation, whichever is greater, or

(C)     Both such actions.

**ANSWER:**     Paragraph 22 of the Complaint contains legal conclusions to which no response is required.  To the extent paragraph 22 contains factual allegations to which a response is required, Group C states that 47 U.S.C. § 227 speaks for itself.  Group C denies that it violated 47 U.S.C. § 227.

23.     The Court, in its discretion, can treble the statutory damages if the violation was knowing.  47 U.S.C. § 227.

7

**ANSWER:**     Paragraph 23 of the Complaint contains legal conclusions to which no response is required. To the extent paragraph 23 contains factual allegations to which a response is required, Group C states that 47 U.S.C. § 227 speaks for itself. Group C denies that it violated 47 U.S.C. § 227.

24.     Defendant violated the 47 U.S.C. § 227 et seq. by sending advertising faxes (such as Exhibit A) to Plaintiff and the other members of the class without first obtaining their prior express invitation or permission.

**ANSWER:**     In response to the allegations contained in paragraph 24 of the Complaint, Group C denies that it violated 47 U.S.C. § 227 et seq. and that this matter may be maintained as a class action. With respect to the remaining allegations, Group C is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore denies those allegations.

25.     The TCPA is a strict liability statute and Defendant is liable to Plaintiff and the other class members even if its actions were only negligent.

**ANSWER:**     Paragraph 25 of the Complaint contains legal conclusions to which no response is required. To the extent paragraph 25 contains factual allegations to which a response is required, Group C states that 47 U.S.C. § 227 speaks for itself. Group C denies that it is liable to Plaintiff and that this matter may be maintained as a class action.

26.     Defendant knew or should have known that Plaintiff and the other class members had not given express invitation or permission for Defendant or anybody else to fax advertisements about Defendant's goods or services and that Plaintiff and the other class members did not have an established business relationship with Defendant.

**ANSWER:**     Group C denies the allegations contained in paragraph 26 of the Complaint.

27.     Defendant's actions caused damages to Plaintiff and the other class members. Receiving Defendant's junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendant's faxes. Moreover, Defendant's faxes used Plaintiff's fax machine. Defendant's faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving,

reviewing and routing Defendant's illegal faxes. That time otherwise would have been spent on Plaintiff's business activities. Finally, Defendant's faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone.

**ANSWER:**    Group C denies the allegations contained in paragraph 27 of the

Complaint.

28.    Even if Defendant did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to waste the recipient's valuable time with Defendant's advertisements, those facts are irrelevant because TCPA is a strict liability statue.

**ANSWER:**    Paragraph 28 of the Complaint contains legal conclusions to which no

response is required. To the extent paragraph 28 contains factual allegations to which a response

is required, Group C denies the allegations contained therein.

**WHEREFORE,** Group C respectfully requests that this Court:

    A. Dismiss Plaintiff's Complaint with prejudice; or

    B. Alternatively, grant judgment in favor of Group C on each and every of

        Plaintiff's claims;

    C. Award Group C the costs of this action, including attorneys' fees; and

    D. Award Group C any and all relief that this Court deems just and equitable.

## COUNT II
## CONVERSION

29.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

**ANSWER:**    Group C incorporates by reference its responses to the prior paragraphs of

this Answer as if fully rewritten herein.

30.    In accordance with 735 ILCS 5/2-801, Plaintiff brings Count II for conversion under the common law for the following class of persons;

All persons (1) who on or after a date five years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods or services by or on behalf of Defendant, and (3) with respect to whom Defendant cannot provide evidence of prior express permission or invitation for the sending of such faxes.

**ANSWER:**    Paragraph 30 of the Complaint contains an averment to which no response is required.  To the extent paragraph 30 contains factual allegations to which a response is required, Group C denies that 735 ILCS 5/2-801 has any application to this federal civil action or that this matter can be maintained as a class action.

31.    A class action is proper in that:

(a)    On information and belief the class consists of forty or more persons and is so numerous that joinder of all members is impracticable.

(b)    There are questions of fact or law common to the class predominating over all questions affecting only individual class members, including:

(i)    Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

(ii)    The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements; and

(iii)    Whether Defendant committed the tort of conversion.

**ANSWER:**    Paragraph 31, and all subparts thereto, of the Complaint contains unsupported legal conclusions to which no response is required.  To the extent that paragraph 17 contains factual allegations, Group C denies each and every allegation contained therein.  Group C specifically denies that this matter can be maintained as a class action.

32.    Plaintiff will fairly and adequately protect the interests of the other class members.  Plaintiff has retained counsel who is experienced in handling class actions and claims involving unlawful business practices.  Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

**ANSWER:**    Paragraph 32 of the Complaint contains unsupported legal conclusions to which no response is required.  To the extent that paragraph 32 contains factual allegations, Group C denies each and every allegation therein.  Group C specifically denies that this matter can be maintained as a class action.

33.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently.  The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

**ANSWER:**    Paragraph 33 of the Complaint contains unsupported legal conclusions to which no response is required.  To the extent that paragraph 33 contains factual allegations, Group C denies each and every allegation therein.  Group C specifically denies that this matter can be maintained as a class action.

34.    By sending Plaintiff and the other class members unsolicited faxes, Defendant improperly and unlawfully converted their fax machines, toner and paper to its own use.  Defendant also converted Plaintiff's employees' time to Defendant's own use.

**ANSWER:**    Group C specifically denies the allegations contained in paragraph 34 of the Complaint.

35.    Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

**ANSWER:**    Group C is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 35 of the Complaint and, therefore, denies those allegations.

36.    By sending the unsolicited faxes, Defendant permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendant's own use.  Such misappropriation was wrongful and without authorization.

**ANSWER:**    Group C denies the allegations contained in paragraph 36 of the Complaint.

37.    Defendant knew or should have known that its misappropriation of paper, toner, and employee time was wrongful and without authorization.

**ANSWER:**    Group C denies the allegations contained in paragraph 37 of the

Complaint.

38.    Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of their receipt of unsolicited fax advertisements from Defendant.

**ANSWER:**    Group C denies the allegations contained in paragraph 38 of the

Complaint.

39.    Each of Defendant's unsolicited fax advertisements effectively stole Plaintiff's employees' time because multiple persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendant's illegal faxes. Defendant knew or should have known employees' time is valuable to Plaintiff.

**ANSWER:**    Group C denies the allegations contained in paragraph 39 of the

Complaint.

40.    Defendant's actions caused damages to Plaintiff and the other members of the class because their receipt of Defendant's unsolicited fax advertisements caused them to lose paper and toner as a result. Defendant's actions prevented Plaintiff's fax machines from being used for Plaintiff's business purposes during the time Defendant was using Plaintiff's fax machines for Defendant's illegal purpose. Defendant's actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendant's illegal faxes, and that time otherwise would have been spent on Plaintiff's business activities.

**ANSWER:**    Group C denies the allegations contained in paragraph 40 of the

Complaint.

**WHEREFORE,** Group C respectfully requests that this Court:

E.  Dismiss Plaintiff's Complaint with prejudice; or

F.  Alternatively, grant judgment in favor of Group C on each and every of

Plaintiff's claims;

G.  Award Group C the costs of this action, including attorneys' fees; and

12

H. Award Group C any and all relief that this Court deems just and equitable.


## COUNT III
## ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
## 815 ILCS 505/2


41.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

**ANSWER:**    Group C incorporates by reference its responses to the prior paragraphs of

this Answer as if fully rewritten herein.

42.    In accordance with 735 ILCS 5/2-801, Plaintiff, on behalf of the following class
of persons, bring Count III for Defendant's unfair practice of sending unsolicited and unlawful
tax advertisements:

> All persons in Illinois who (1) on or after a date three years prior to
> the filing of this action (2) were sent telephone facsimile messages
> of material advertising the commercial availability of any property,
> goods, or services by or on behalf of Defendant, and (3) with
> respect to whom Defendant cannot provide evidence of prior
> express permission or invitation for the sending of such faxes.

**ANSWER:**    Paragraph 42 of the Complaint contains an averment to which no response

is required.  To the extent paragraph 42 contains factual allegations to which a response is

required, Group C denies that 735 ILCS 5/2-801 has any application to this federal civil action or

that this matter can be maintained as a class action.

43.    A class action is proper in that:

(a)    On information and belief the class consists of thousands of persons in
Illinois and throughout the United States and is so numerous that joinder of all members
is impracticable..

(b)    There are questions of fact or law common to the class predominating over
all questions affecting only individual class members including:

(i)    Whether Defendant engaged in a pattern of sending
unsolicited fax advertisements;

(ii)    The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(iii)    Whether Defendant's practice of sending unsolicited faxes is an unfair practice under the Consumer Fraud Act; and

(iv)    Whether Defendant should be enjoined from sending unsolicited faxes is an unfair practice under the Consumer Fraud Act; and

(v)    Whether Defendant should be enjoined from sending unsolicited fax advertising in the future.

**ANSWER:**    Paragraph 43, and all subparts thereto, of the Complaint contains unsupported legal conclusions to which no response is required. To the extent that paragraph 43 contains factual allegations, Group C denies each and every allegation contained therein. Group C specifically denies that this matter can be maintained as a class action.

44.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who are experienced in handling class actions and claims involving lawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

**ANSWER:**    Paragraph 44 of the Complaint contains unsupported legal conclusions to which no response is required. To the extent that paragraph 44 contains factual allegations, Group C denies each and every allegation therein. Group C specifically denies that this matter can be maintained as a class action.

45.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

**ANSWER:**    Paragraph 45 of the Complaint contains unsupported legal conclusions to which no response is required. To the extent that paragraph 45 contains factual allegations, Group C denies each and every allegation therein. Group C specifically denies that this matter can be maintained as a class action.

14

46.     Defendant's unsolicited fax practice is an unfair practice, because it violates public policy, and because it forced Plaintiff and the other class members to incur expense without any consideration in return.  Defendant's practice effectively forced Plaintiff and the other class members to pay for Defendant's advertising campaign.

**ANSWER:**     Group C denies the allegations contained in paragraph 46 of the

Complaint.

47.     Defendant violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Illinois statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

**ANSWER:**     Group C denies the allegations contained in paragraph 47 of the

Complaint.

48.     Defendant's misconduct caused damages to Plaintiff and the other members of the class, including the loss of paper, toner, ink, use of their facsimile machines, and use of their employees' time.

**ANSWER:**     Group C denies the allegations contained in paragraph 48 of the

Complaint.

49.     Defendant's actions caused damages to Plaintiff and the other class members because their receipt of Defendant's unsolicited fax advertisements caused them to lose paper and toner consumed as a result.  Defendant's actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendant was using Plaintiff's fax machine for Defendant's illegal purpose.  Defendant's actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendant's illegal faxes and that time otherwise would have been spent on Plaintiff's business activities.

**ANSWER:**     Group C denies the allegations contained in paragraph 49 of the

Complaint.

**WHEREFORE,** Group C respectfully requests that this Court:

A. Dismiss Plaintiff's Complaint with prejudice; or

B. Alternatively, grant judgment in favor of Group C on each and every of

Plaintiff's claims;

C. Award Group C the costs of this action, including attorneys' fees; and

15

D. Award Group C any and all relief that this Court deems just and equitable.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff fails to state a claim upon which relief may be granted against Group C.

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of equitable estoppel.

### Fifth Affirmative Defense

Plaintiff's claims are barred because any alleged damage for which Plaintiff complains was caused, in whole or in part, by the conduct of Plaintiff, Plaintiff's agents, or other third-parties over which Group C has no control or right to control.

### Sixth Affirmative Defense

Plaintiff's claims are barred because the damages sought are excessive, unreasonable, and not proximately caused by any conduct on the part of Group C.

### Seventh Affirmative Defense

Plaintiff's claims are barred to the extent Plaintiff's actual damages are speculative or the amount of such actual damage is predicated on conjecture.

### Eighth Affirmative Defense

Plaintiff's claims are barred to the extent that Plaintiff's purported damages are *de minimis* and/or inconsequential.

16

### Ninth Affirmative Defense

Plaintiff's claims are barred at least in part because Plaintiff had an "established business relationship," as that term is used in 47 C.F.R. §§ 64.1200(a)(2)(iv), (f)(3) and (f)(9)(ii), and 47 U.S.C. § 227(a)(2)(B), with Group C.

### Tenth Affirmative Defense

To the extent that Group C sent any facsimile to Plaintiff, Plaintiff's facsimile number was obtained from a directory, advertisement, or site on the internet to which Plaintiff voluntarily agreed to make available its facsimile number for public distribution.

### Eleventh Affirmative Defense

To the extent Group C sent any facsimile to Plaintiff, Group C obtained Plaintiff's facsimile number from another source and took reasonable steps to verify that the Plaintiff agreed to make its facsimile number available for public distribution.

### Twelfth Affirmative Defense

Plaintiff's claims are barred at least in part because Plaintiff has failed to plead with particularity or specificity.

### Thirteenth Affirmative Defense

Plaintiff's claims are barred at least in part because Group C has not engaged in any unfair or deceptive business practices.

### Fourteenth Affirmative Defense

To the extent Group C sent any facsimile to Plaintiff, Group C has not willfully or knowingly violated any provision, subsection, or regulation under the Telephone Consumer Protection Act of 1991.

### Fifteenth Affirmative Defense

Group C intends to rely upon other such defenses that may become available or appear during the course of discovery in this matter and hereby reserves the right to amend this Answer to assert such defenses.

Respectfully submitted,

**OF COUNSEL:**

**BENESCH FRIEDLANDER COPLAN**
 **& ARONOFF LLP**

ERIC LARSON ZALUD
(Ohio Bar #0038959)
WILLIAM I. KOHN
(Illinois Bar # 6224094)
2300 BP Tower
200 Public Square
Cleveland, OH 44114
Telephone:  (216) 363-4178
Facsimile:  (216) 363-4588
ezalud@bfca.com

RYAN P. HATCH
(Ohio Bar #0080100)
41 South High Street, 26th Floor
Columbus, OH 43215
Telephone:  (614) 223-9300
Facsimile:  (614) 223-9330
rhatch@bfca.com

____/s/Stephanie Espinoza_____
DENNIS MINICHELLO
STEPHANIE ESPINOZA
Marwedel, Minichello & Reeb, P.C.
10 South Riverside Plaza, Suite 720
Chicago, Illinois  60606
Telephone:  (312) 902-1600
Facsimile:   (312) 902-9900

*Attorneys for Defendant Group C*
*Communications, Inc.*

## JURY DEMAND

Defendant Group C Communication, Inc., by and through its undersigned counsel, demands a jury trial by the maximum amount of jurors permitted by law.

Respectfully submitted,

**OF COUNSEL:**

**BENESCH FRIEDLANDER COPLAN**
 **& ARONOFF LLP**

__/s/Stephanie Espinoza_____
DENNIS MINICHELLO
STEPHANIE ESPINOZA
Marwedel, Minichello & Reeb, P.C.

18

ERIC LARSON ZALUD
(Ohio Bar #0038959)
WILLIAM I. KOHN
(Illinois Bar # 6224094)
2300 BP Tower
200 Public Square
Cleveland, OH 44114
Telephone:  (216) 363-4178
Facsimile:  (216) 363-4588
ezalud@bfca.com

RYAN P. HATCH
(Ohio Bar #0080910)
41 South High Street, 26th Floor
Columbus, OH 43215
Telephone:  (614) 223-9300
Facsimile:  (614) 223-9330
rhatch@bfca.com

10 South Riverside Plaza, Suite 720
Chicago, Illinois  60606
Telephone:  (312) 902-1600
Facsimile:  (312) 902-9900

*Attorneys for Defendant Group C
Communications, Inc.*

## CERTIFICATE OF SERVICE

      I, Stephanie Espinoza, an attorney, certify that on this 18th day of August, 2008, I electronically filed the Answer and Affirmative Defenses of Group C Communications, Inc. to Plaintiff G.M. Sign, Inc.'s Complaint with the Clerk of the Northern District of Illinois via its CM/ECF system, which will send a notice of electronic filing to the following counsel:

- **Phillip A. Bock**
  phil@bockhatchllc.com,gina@bockhatchllc.com
- **Dennis Minichello**
  dminichello@mmr-law.com,jturner@mmr-law.com
- **Brian J Wanca**
  buslit@andersonwanca.com


/s/Stephanie Espinoza
STEPHANIE ESPINOZA

20