UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| G.M. SIGN, INC., individually and as the representative of a class of similarly situated persons,<br><br>    Plaintiff,<br><br>v.<br><br>GROUP C COMMUNICATIONS, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>) Case No. 08-cv-4521<br>)<br>) Judge John W. Darrah<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

On July 11, 2008, Plaintiff, G.M. Sign, Inc., filed a class-action lawsuit against Defendant, Group C Communications, Inc. ("Group C"), in the Circuit Court of Lake County. Plaintiff alleges that it received an unsolicited fax advertisement from Group C in violation of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227, and that a group of similarly situated persons also received the same fax.

On August 11, 2008, the case was removed to this Court, which has jurisdiction under 28 U.S.C. §§ 1331 and 1441. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 451 (7th Cir. 2005). On April 1, 2010, this Court certified the following class:

> All persons that: (1) on or about December 6, 2004, December 22, 2004, January 19, 2005, February 2, 2005, February 23, 2005, April 14, 2005, or January 26, 2006; (2) were sent one (or more) faxes identifying the website www.tfmshow.com and "The TFM Show"; and (3) had not previously consented to receiving such advertisements.

Docket No. 59.

Group C's counsel withdrew on June 15, 2010. On October 8, 2010, G.M. Sign filed a Motion for Summary Judgment. A briefing schedule was set, but Group C did not retain counsel and respond to G.M. Sign's Motion. The unopposed Motion is now ripe for ruling.

## BACKGROUND

The following facts are taken from G.M. Sign's Statement of Undisputed Material Facts submitted in accordance with Local Rule 56.1.[1]

Group C is a media company that produces magazines and related conference events. SOF ¶¶ III.3-4.[2] In September and November 2004, Group C rented lists of companies (with fax numbers) from the Chicago Convention and Tourism Bureau ("CCTB") in hopes of using that contact information to find new business. SOF ¶¶ III.6-7. G.M. Sign's contact information was on one of those lists. SOF ¶ III.9. The lists obtained from the CCTB are the only third-party database lists obtained by Group C. SOF ¶ III.10.

Group C then paid a company called Quick Link to transmit certain Group C materials to the fax numbers on the CCTB lists. SOF ¶ III.11. During this litigation,

---

[1] Local Rule 56.1(a)(3) requires the party moving for summary judgment to provide "a statement of material facts as to which the moving party contends there is no genuine issue." Rule 56.1(b)(3) then requires the nonmoving party to admit or deny each factual statement proffered by the moving party and to concisely designate any material facts that establish a genuine dispute for trial. *See Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005). A litigant's failure to dispute the facts set forth in its opponent's statement in the manner dictated by Local Rule 56.1 results in those facts' being deemed admitted for purposes of summary judgment. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003).

[2] G.M. Sign's Statement of Undisputed Material Facts is cited as "SOF ¶ __."

2

Quick Link produced its archived transmission reports to G.M. Sign's counsel. SOF ¶¶ III.12-15.

G.M. Sign retained an expert, Robert Biggerstaff, who reviewed the records provided by Quick Link. SOF ¶ III.16. Biggerstaff determined that a total of 37,932 faxes were successfully transmitted between December 6, 2004, and January 26, 2006. SOF ¶ III.17. Each of the faxes sent by Quick Link (at Group C's direction) was an advertisement for Group C's services. SOF ¶ III.18.

Group C never asked permission to send any fax to anyone on the CCTB lists. SOF ¶ III.13.

## LEGAL STANDARD

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying the evidence it believes demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). If the moving party meets this burden, the nonmoving party cannot rest on conclusory pleadings but "must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial." *Serfecz v. Jewel Food Stores*, 67 F.3d 591, 596 (7th Cir. 1995) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986)). A mere scintilla of evidence is not sufficient to oppose a motion for summary judgment; nor is a metaphysical doubt as to the material facts.

*Robin v. Espo Eng. Corp.*, 200 F.3d 1081, 1088 (7th Cir. 2000) (citations omitted). Rather, the evidence must be such "that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica, Ind.*, 259 F.3d 619, 625 (7th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (*Anderson*)).

In considering a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. *Abdullahi v. City of Madison*, 423 F.3d 763, 773 (7th Cir. 2005) (citing *Anderson*, 477 U.S. at 255). The court does not make credibility determinations or weigh conflicting evidence. *Id.*

## ANALYSIS

Local Rule 56.1(b) provides that a party opposing a motion for summary judgment *shall* file a supporting memorandum of law and a response to the movant's statement of material facts, and a district court has authority under Local Rule 56.1 to grant summary judgment against a party who fails to do so. *Hefley v. Davis*, No. 08 CV 172, 2009 WL 1766783, at *3 (N.D. Ill. June 22, 2009) (citing *Nowak v. Transp. Joint Agreement of Cmty. Consol. Sch. Dist. No. 47*, 255 Fed. Appx. 85, 87 (7th Cir. 2007)). As discussed above, Group C did not respond to G.M. Sign's Motion for Summary Judgment. Therefore, each of G.M. Sign's statements of material fact is deemed admitted.

At the time of the fax transmissions at issue in this action, the TCPA made it unlawful "to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine." 47 U.S.C. § 227(b)(1)(C)

(2005). "Telephone facsimile machine" refers to "equipment which has the capacity . . . to transcribe text or images (or both) from an electronic signal received over a regular telephone line onto paper." *Id.* § 226(a)(2). An "unsolicited advertisement" is "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission." *Id.* § 226(a)(4).

The TCPA provides for a private right of action to recover the greater of actual damages or $500 in statutory damages "for each violation." *Id.* § 277(b)(3).

Here, the undisputed material facts show that the class of Plaintiffs in this action is entitled to summary judgment. On seven separate occasions, Group C (through Quick Link) used a computer to send materials to facsimile machines. The transmitted materials advertised the availability of Group C's goods and services, and they were transmitted to numbers obtained from CCTB databases without the express permission of each individual recipient. A total of 37,932 successful transmissions occurred between December 6, 2004, and January 26, 2006.[3]

Accordingly, judgment is entered against Group C in the amount of $500 for each of Group C's 37,932 TCPA violations (i.e., $18,966,000). The matter shall be continued to February 16, 2011, for status.

---

[3] One person has opted out of the class. *See Letter from Steven Leupold Dated 4/7/10*, Docket No. 63. Plaintiff shall advise the Court of the amount, if any, of the total damages awarded that should be reduced for compensation awarded to this person as a class member.

## CONCLUSION

For the reasons discussed above, G.M. Sign is entitled to summary judgment on behalf of the class on its TCPA claim. Judgment will be entered against Group C in the amount of $18,966,000. The matter shall be continued to February 16, 2011, for status.

Date: January 10, 2011

JOHN W. DARRAH
United States District Court Judge